# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORIZON HEALTH INC., et al.,<br><br>　　　　　Defendants. | **CASE No. 1:17-cv-0898-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 4.) Plaintiff's Complaint is before the Court for screening.

**I.　Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all relevant times Plaintiff was housed at Fresno County Jail ("FCJ") in Fresno, California. He names as Defendants Corizon Health, Inc. ("Corizon"), the health care provider at the FCJ; R. Malone, the FCJ/Corizon Director of Nurses; H. Mehloff, the FCJ/Corizon Supervisor; and Jane Doe, an FCJ/Corizon nurse.

Plaintiff's allegations can be fairly summarized as follows:

Defendants R. Malone and H. Mehloff were generally deficient in their supervisory roles with respect to providing health care to FCJ employees.

On an unspecified date, but continuing for two weeks, Nurse Jane Doe failed to diagnose and timely treat Plaintiff's fractured ankle. This delay caused Plaintiff extreme pain and further injury.

Plaintiff seeks compensatory and punitive damages.

### IV. Analysis

#### A. Linkage and Supervisory Liability

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each Defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Plaintiff seeks to impose liability against R. Malone and H. Mehloff based on their supervisory roles. Government officials, however, may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions; he must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Defendants cannot be held liable for being generally deficient in their supervisory duties.

3

Plaintiff has also not stated a claim against Corizon. There are no allegations that any Defendant was following a Corizon policy, custom, practice, or lack thereof, relating to prisoners' medical needs. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-39 (9th Cir. 2012) (municipal liability applies to suits against private entities under § 1983 if the entity acts under color of state law and the violation is caused by a policy, practice, or custom of the entity).

### B. Eleventh Amendment Immunity

It is unclear if Plaintiff is suing the Defendants in their official or individual capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

### C. Doe Defendants

Plaintiff has not provided the name of Nurse Jane Doe. Plaintiff is hereby advised that the use of Doe Defendants is generally disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe Defendants until such defendants have been identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities).

### D. Eighth Amendment Medical Indifference

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). An Eighth Amendment claim requires a plaintiff to satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, the Supreme Court has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain [;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain....

McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Here, the complaint lacks essential details regarding Plaintiff's Eighth Amendment medical indifference claim. While Plaintiff apparently suffered a fractured ankle, a serious injury, at some point in time, there are no facts to suggest deliberate indifference on the

part of Nurse Jane Doe. The circumstances surrounding Jane Doe's care and treatment of Plaintiff, including those relating to the alleged two-week delay in diagnosing and treating him, are absent from the pleading. Without such facts, his claim fails. Accordingly, Plaintiff's medical indifference claim will be dismissed with leave to amend. If Plaintiff chooses to amend, he must include such facts which, if true, would support a finding that Defendant knew of Plaintiff's serious medical condition, had the opportunity and means to treat it, and deliberately declined to provide reasonable treatment for it.

**V.     Conclusion**

Based on the foregoing, Plaintiff's complaint fails to state a claim and must be dismissed. Plaintiff will however be granted leave to amend. Should Plaintiff choose to amend, he is forewarned that a first amended complaint must state what each named Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is also advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

6

1. Plaintiff's July 7, 2017, Complaint (ECF No. 1) is dismissed with leave to amend;

2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: October 14, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE