UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>  Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>  Defendants. | CASE NO. 1:17-cv-00898-JLT (PC)<br><br>**ORDER TO ASSIGN DISTRICT JUDGE; AND FINDINGS AND RECOMMENDATIONS TO ALLOW THIS CASE TO PROCEED ONLY AGAINST JANE DOE ON AN EIGHTH AMENDMENT CLAIM**<br>**(Doc. 9)**<br><br>**FOURTEEN-DAY DEADLINE** |

The Court screened Plaintiff's First Amended Complaint, which asserted claims against several defendants, and found it stated only an Eighth Amendment medical indifference claim against Jane Doe. Plaintiff has filed a Second Amended Complaint, which is now before the Court for screening.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

### III. Plaintiff's Allegations

Plaintiff is currently held at Fresno County Jail ("FCJ") in Fresno, California and complains of acts that occurred there. He names as defendants Corizon Health, Inc. ("Corizon"), the health care provider at the FCJ, and Jane Doe, an FCJ/Corizon nurse.

Plaintiff's allegations can be fairly summarized as follows:

On July 08, 2016, plaintiff injured his ankle in the FCJ gym. He was in pain and lacked mobility, and his ankle was swelling. He was taken with the assistance of other prisoners and correctional staff to Jane Doe who failed to treat or diagnose the injury. She did not x-ray the ankle, did not provide pain medication, did not wrap the ankle, and did not schedule any follow-up appointments. Plaintiff suffered in pain until, weeks later, he was properly treated.

Defendant Corizon implemented a policy "of having nurses or lower level personel [sic] only initially see, diagnose and treat all inmates regardless of the level of severity of injury or illness…" Corizon also has a policy of "not channeling" a serious medical need "for immediate emergency medical care" whether through "a physician or local hospital emergency care."

### IV. Analysis

#### A. Municipal Liability

Plaintiff, who names Corizon as an entity defendant acting on behalf of FCJ, appears to be bringing a Monell claim.

Counties may be liable under section 1983. "[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz.,

609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Corizon is a private entity that provides health care for FCJ. Plaintiff may assert Monell claims against a private entity contracting with a municipality provided: (1) the private entity acted under color of state law; (2) a constitutional violation occurred; and (3) the violation was caused by an official policy or custom. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir.2012).

As with the previous iterations of his pleading, plaintiff makes general allegations concerning a Corizon policy of requiring lower level medical staff to treat inmates and a policy of denying access to a physician or hospital even for medical emergencies. He does not, however, link this policy to any facts which "might plausibly suggest" that Corizon itself violated plaintiff's constitutional rights. See Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Iqbal's pleading standards to Monell claims). Absent these facts, the Court finds plaintiff's allegations as to Corizon insufficient to state a cognizable claim. Because this was plaintiff's third attempt to state a claim against this defendant, the undersigned will recommend that Corizon be dismissed with prejudice.

**B.     Eighth Amendment**

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). To establish an Eighth

Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Id. at 1058. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06. A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992).

### a) Private Individual Liability

Plaintiff asserts an Eighth Amendment claim against Jane Doe, a private individual employed by a private entity. The Court considers first whether plaintiff may assert a claim against a private party.

To state a claim under section 1983, a plaintiff must allege that the deprivation of a right secured by the federal constitution or statutory law was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

The Ninth Circuit has identified four circumstances under which a private person may be deemed to be acting under color of state law. Under the "public function" test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature,

they become agencies or instrumentalities of the State and subject to its constitutional limitations." Kirtley, 326 F.3d at 1093 (quoting Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002)). Under the "joint action test," a court will consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepts the benefits derived from unconstitutional behavior." Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995)). Under the "governmental coercion or compulsion" test, the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." Kirtley, 326 F.3d at 1094 (quoting Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 836-37 (9th Cir. 1999)). Finally, under the "government nexus" test, the court asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Kirtley, 326 F.3d at 1095 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Plaintiff has sued Jane Doe, ostensibly a private actor employed by Corizon, for failing to provide adequate medical care at FCJ. Corizon, in turn, is alleged to have contracted with FCJ to provide medical services to inmates. This suggests that Corizon, a private entity, has contracted with FCJ to provide medical services to inmates

A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983. See West v. Atkins, 487 U.S. 42, 56 n.15 (1988) ("[A]lthough the provision of medical services is a function traditionally performed by private individuals, the context in which respondent performs these services for the State (quite apart from the source of remuneration) distinguishes the relationship between respondent and West from the ordinary physician-patient relationship. Respondent carried out his duties at the state prison within the prison hospital. That correctional setting, specifically designed to be removed from the community, inevitably affects the exercise of professional judgment."); see also Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir.

1991) ("Here the district court's sua sponte dismissal was improper because Lopez's complaint alleges that defendants Maryvale Samaritan Hospital ("Maryvale") and Southwest Ambulance Service ("Southwest") are under contract with the state of Arizona to provide medical services to indigent citizens. These allegations are sufficient to support a section 1983 action because under either the joint action or the government nexus analysis they set forth a claim that defendants Southwest and Maryvale act under color of state law.").

Since Corizon's provision of medical care to inmate at FCJ amounts to the performance of a public function, the undersigned finds that plaintiff is not precluded from bringing a §1983 claim against the private individual, Jane Doe, a Corizon nurse.

### b) Plaintiff's Claim

Having established that a § 1983 claim may be asserted against Jane Doe, the Court now turns to whether Plaintiff's allegations are sufficient to state a claim. He alleges that he was taken to see this defendant with an extremely swollen ankle, in extreme pain, and assistance needed in walking. Although these symptoms suggest a serious injury, Jane Doe did not provide any pain medication, did not wrap the ankle, did not order an x-ray, and did not schedule a follow-up appointment. This reflects a nearly total absence of care and is sufficient to find that Jane Doe was deliberately indifferent to plaintiff's serious medical need.

## V. Doe Defendant

Plaintiff alleges a cognizable claim against Jane Doe only. Although the use of Doe Defendants is generally disfavored, the Ninth Circuit requires that plaintiff be provided with "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities…." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). However, the Court cannot order the Marshal to serve a defendant whose identity is unknown.

Therefore, plaintiff may proceed in this action alleging only a cognizable claim against Jane Doe, but he is advised that he alone is responsible for identifying Doe and substituting a named defendant in her place. If the district judge assigned to this case adopts these findings and

recommendations, the Court will open discovery for the limited purpose of identifying Defendant Jane Doe. Plaintiff will be limited to seeking discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure and will be entitled to the issuance of subpoenas duces tecum through which plaintiff can subpoena documents to discover Jane Doe's name. Fed. R. Civ. P. 45.

**VI. Conclusion and Order**

Based on the foregoing, the Court **ORDERS** that a district judge be assigned to this case.

The Court **RECOMMENDS** that this action proceed only on plaintiff's Eighth Amendment claim against defendant Jane Doe, and all other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 14, 2018**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE