UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>　　　　Defendants. | CASE NO. 1:17-cv-0898-LJO-JLT (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS; AND**<br><br>**ORDER GRANTING MOTION FOR SUBPOENA**<br><br>**(Docs. 18, 20)** |

This action proceeds against a single Jane Doe defendant on an Eighth Amendment medical indifference claim. (Docs. 11, 12.) Previously, the Court granted Plaintiff an extended period to identify Jane Doe, directing Plaintiff to file a notice of substitution once she has been identified. The Court also informed Plaintiff that if he failed to comply with the directive, the Court would recommend that this action be dismissed. When that ninety-day period passed without notice by Plaintiff, the Court issued findings and recommendations to dismiss this action without prejudice for failure to comply with a court order and failure to prosecute. Plaintiff has since filed objections to the findings and recommendations. Good cause appearing, the findings and recommendations will be vacated

Plaintiff has also filed a motion for a subpoena directed to Jane Doe's employer at the time of the incident underlying this action, Corizon Health. The Court's authorization of a

1

subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

    Plaintiff's motion and the allegations in the pleading are sufficiently specific as to the information sought: a female nurse who was employed by Corizon Health and worked at the Fresno County Jail on July 8, 2016. The identity of this individual is critical for plaintiff to proceed with this action. The motion, however, fails to provide an address for service on Corizon Health, and plaintiff indicates that he is unable to locate one using the limited resources available to him at the institution where he is housed. As a one-time courtesy, the Court will provide the publicly-available address of the registered agent for service of process for this entity. In the event this is the incorrect address, plaintiff will be directed to utilize whatever means that are available to him to locate the correct address. If he is unable to do so, this action may be subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). Accordingly, the Court ORDERS as follows:

    1. The findings and recommendations to dismiss this action (Doc. 18) are VACATED;
    2. Plaintiff's motion for subpoena (Doc. 20) is GRANTED;

3. The Clerk of Court shall forward the following documents to the United States Marshal (USM):

    a. One completed and issued subpoena duces tecum to be served on:

       **JILL P. MOLDREM**

       **Corizon Health, Inc.**

       **c/o Custodian of Records**

       **103 Powell Court**

       **Brentwood, TN 37027**

    b. One copy of the second amended complaint (Doc. 9);

    c. One completed USM–285 form; and

    d. Two copies of this order, one to accompany the subpoena and one for the USM;

4. In completing the subpoena, the Clerk of Court shall list, as described here, the documents requested: Documents identifying the name of Jane Doe, who, as described in the second amended complaint, is a female nurse or healthcare provider who worked at the Fresno County Jail on July 8, 2016.

5. Within twenty days from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

6. The USM shall make personal service of the subpoena duces tecum, along with a copy of this order and a copy of the second amended complaint, upon the individual/entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

7. Within ten days after personal service is made, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form; and

8. Within thirty days after service is made, the Custodian of Records at Corizon Health,

Inc. is directed to serve the responsive documents on plaintiff:

> **Phillip J. Long**
>
> **BJ-2973**
>
> **Ironwood State Prison ("ISP-2)**
>
> **P.O. Box 2199**
>
> **Blythe, CA 92226-2199**

9. Within fourteen days upon receipt of the documents identifying Jane Doe, plaintiff is directed to submit a notice with the Court, upon which he will then be directed to submit documents necessary to effectuate service.

IT IS SO ORDERED.

Dated: __**December 20, 2019**__ _____**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE