UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>          Plaintiff,<br><br>     v.<br><br>JANE DOE,<br><br>          Defendant. | CASE NO. 1:17-cv-0898-NONE-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY CONTEMPT SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH SUBPOENA**<br><br>**FOURTEEN-DAY DEADLINE** |

This action proceeds against a single defendant, Jane Doe, on an Eighth Amendment medical indifference claim. (Docs. 11, 12.) Jane Doe is a nurse with the company Corizon Health, Inc., which contracts with the Fresno County Jail to provide medical services to the jail inmates. Plaintiff has twice sought Jane Doe's identity by serving a subpoena on Corizon Health. In response to his first subpoena, counsel for Corizon Health responded that the subpoena was too vague. An amended subpoena then issued on April 16, 2020, providing further details to assist in identifying Jane Doe. (Doc. 26.) Plaintiff has recently submitted a filing indicating that counsel for Corizon Health has not responded to the amended subpoena despite having been personally served on June 18, 2020. (See Docs. 27, 29.)

A court may impose sanctions against a nonparty for failure to comply with a subpoena for document production pursuant to Federal Rule of Civil Procedure 45. See Fed. R. Civ. P.

Case 1:17-cv-00898-NONE-JLT   Document 31   Filed 01/26/21   Page 2 of 2

45(g); Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983); McAllister v. St. Louis Rams, LLC, 2018 WL 6164281, at *2 n.4 (C.D. Cal. July 2, 2018) ("Rule 45 is the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum" (citing Pennwalt Corp., 708 F.2d at 494)). Under Rule 45, a court may exercise its contempt powers when a person who has been served with a subpoena "fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Contempt sanctions are among a court's inherent powers. See Shillitani v. United States, 384 U.S. 364, 370 (1966); Ochoa v. Lopez, 2016 WL 9712071, at *1 (C.D. Cal. June 20, 2016) ("A court has inherent power to enforce its orders by holding those who violate those orders in civil contempt and issuing corresponding sanctions." (citing Shillitani, 384 U.S. at 370)). In light of the foregoing, the Court **ORDERS** as follows:

1. Attorney Matthew M. Grigg shall show cause within **fourteen days** from the date of this Order why contempt sanctions should not be imposed for his failure to comply with the amended subpoena served on him on June 18, 2020; and

2. The Clerk of Court is directed to submit a copy of (a) this Order; (b) the April 16, 2020, Order Directing Issuance and Service of Amended Subpoena (Doc. 25); and (c) the Certificate of Service (Doc. 27) on:

   **MATTHEW M. GRIGG**

   **Law Offices of Matthew M. Grigg**

   **1700 N. Broadway, Ste. 360**

   **Walnut Creek, CA 94596**

IT IS SO ORDERED.

Dated: **January 26, 2021**          /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE

2