UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>        Plaintiff,<br><br>   v.<br><br>JANE DOE,<br><br>        Defendant. | CASE NO. 1:17-cv-0898-NONE-JLT (PC)<br><br>**ORDER DISCHARING ORDER TO SHOW CAUSE; AND**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A SUBPOENA**<br><br>**(Docs. 30, 31)** |

      This action proceeds against a single defendant, Jane Doe, on an Eighth Amendment medical indifference claim. (Docs. 11, 12.) Jane Doe is a nurse with the company Corizon Health, Inc., which contracts with the Fresno County Jail to provide medical services to the jail inmates. Plaintiff has twice sought Jane Doe's identity by serving a subpoena on Corizon Health. In response to his first subpoena, counsel for Corizon Health responded that the subpoena was too vague. The Court then issued an amended subpoena for Plaintiff on April 16, 2020, who provided further details to assist in identifying Jane Doe. (Doc. 26.) Plaintiff recently submitted a filing indicating that counsel for Corizon Health has not responded to the amended subpoena.

      On January 26, 2021, the Court ordered counsel for Corizon Health to show cause for the failure to respond to a subpoena. (Doc. 31.) Counsel answered to the order, stating that he responded to the subpoena informing plaintiff that he does not have any records within his

possession, custody, or control that reflect who treated him on July 8, 2016. (Doc. 32.) In light of this response, the order to show cause will be discharged.

Plaintiff has filed another motion for a subpoena directed to the California Department of Corrections and Rehabilitation to identify Jane Doe. The Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

Plaintiff motion and the allegations in the pleading are sufficiently specific as to the information sought: a female nurse who worked at the North Annex Jail division of the Fresno County Jail on July 8, 2016, between the hours of 2:00 p.m. and 5:00 p.m. The identity of this individual is critical in order for plaintiff to proceed with this action. The motion, however, is improperly directed to the CDCR, the State of California's prison system, which is unaffiliated with the Fresno County Sheriff's Office, a division of Fresno County. The Court will therefore construe plaintiff's motion as seeking a subpoena to be served on the Fresno County Jail. Accordingly, the Court **ORDERS** as follows:

1. The order to show cause (Doc. 31) is **DISCHARGED**, and the Clerk of Court is directed to serve a copy of this order on the following:

2

**MATTHEW M. GRIGG**
**Law Offices of Matthew M. Grigg**
**1700 N. Broadway, Ste. 360**
**Walnut Creek, CA 94596**

2. Plaintiff's motion for subpoena (Doc. 30) is **GRANTED**;

3. The Clerk of Court shall forward the following documents to the United States Marshal (USM):

    a. One completed and issued subpoena duces tecum to be served on:

    **Litigation Coordinator**
    **Fresno County Jail**
    **North Annex Jail**
    **1265 M Street**
    **Fresno, CA 93721**

    b. One copy of the second amended complaint (Doc. 9);

    c. One completed USM–285 form; and

    d. Two copies of this order, one to accompany the subpoena and one for the USM;

4. In completing the subpoena, the Clerk of Court shall list, as described here, the documents requested:

    Documents identifying the name of Jane Doe, a female nurse who worked at the North Annex Jail in Fresno, California on July 8, 2016. On that date, plaintiff was housed in Bed # 39 in the D Pod on the fourth floor of the North Annex Jail, his injury occurred in the gym facility on the fourth floor at approximately 2 p.m., and the female nurse would have treated plaintiff between 2 p.m. and 5 p.m.

5. Within twenty days from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

6. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this order and a copy of the second amended complaint, upon the individual/entity

named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);

7. Within ten days after personal service is effected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM–285 form; and

8. Within thirty days after service is effected, the Fresno County Jail Litigation Coordinator is directed to serve the responsive documents on plaintiff:
   **Phillip J. Long**
   **BJ-2973**
   **Ironwood State Prison ("ISP-2)**
   **P.O. Box 2199**
   **Blythe, CA 92226-2199**

9. Within fourteen days upon receipt of the documents identifying Jane Doe, plaintiff is directed to submit a notice with the Court, upon which he will then be directed to submit documents necessary to effectuate service.

IT IS SO ORDERED.

Dated: **February 17, 2021**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE