UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JANE DOE,<br><br>　　　　　Defendant. | CASE NO. 1:17-cv-00898-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO IDENTIFY JANE DOE; FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE**<br><br>(Doc. 37)<br><br>**14-DAY DEADLINE** |

Plaintiff commenced this action by filing a civil rights complaint on July 7, 2017. (Doc. 1.) The Court screened the complaint, the first amended complaint, and the second amended complaint, finding that the action can proceed against a single defendant, Jane Doe, on an Eighth Amendment medical indifference claim. (*See* Docs. 11, 12.) Despite discovery attempts, Plaintiff has been unable to identify the Jane Doe defendant, and he requests an additional extension of time to identify Jane Doe. (Doc. 37.) Upon consideration, the Court DENIES Plaintiff's request and RECOMMENDS that the Court DISMISS the case for failure to identify the Jane Doe defendant.

On February 14, 2019, this Court granted Plaintiff ninety days to identify Jane Doe. (Doc. 13.) Plaintiff was unable to comply, and on June 27, 2019, upon motion by the Plaintiff, the

Court issued a motion for a subpoena directed to Jane Doe's employer, Corizon Health, Inc. (Docs. 20, 22.) Following service by the U.S. Marshal, Corizon Health, Inc., through its counsel, Matthew M. Grigg, timely objected to the subpoena on the ground that it is "unintelligible" because it does not provide enough information to identify Jane Doe. (*See* Doc. 25 at 8–9). Considering that objection, on April 10, 2020, Plaintiff submitted a letter with additional information to help with identification and requested a more detailed subpoena to serve on Corizon Health. (Doc. 25.) The Court granted the motion and directed the United States Marshal to serve an amended subpoena on Mr. Grigg. (Doc. 26.) The Court further ordered Plaintiff to submit a notice with the Court following receipt of the documents identifying Jane Doe to enable service on that defendant. *Id.*

On October 15, 2020, after Plaintiff failed to respond, the Court issued an order requiring Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order and failure to prosecute. (Doc. 28.) Plaintiff filed a response, indicating that Mr. Grigg did not provide Jane Doe's identity, and Plaintiff requested assistance from the Court. (Doc. 29, 30.) The Court entered an order to show cause directed to Mr. Grigg, requiring him to show cause why contempt sanctions should not be imposed for his failure to comply with the amended subpoena served on him. (Doc. 31.)

On January 29, 2021, Mr. Grigg filed a response, stating that he did respond to the subpoena, but he had no responsive documents. (Doc. 32.) At his request, the Court issued an order discharging the order to show cause, and it granted Plaintiff's motion requesting a subpoena to be served on the Litigation Coordinator at the Fresno County Jail. (Doc. 33.)

After a period of inactivity in this case, on June 9, 2021, the Court entered an order directing Plaintiff to identify Jane Doe within fourteen days. (Doc. 35.)

On July 12, 2021, Plaintiff belatedly responded to the Order with the reply from the custodian of the records of the Fresno County Sheriff's Office dated February 22, 2021. (Doc. 37.) The records custodian indicated that the Sheriff's Office did not have responsive documents and referred Plaintiff back to Corizon Health as an independent contractor, which handles its own employment and scheduling. (*Id.* at 3.)

Plaintiff's response, however, was not docketed until July 13, 2021. On the same day, without knowing that Plaintiff had filed the response, this Court entered another order to show cause. (Doc. 36.) In light of Plaintiff's response that he mistakenly believed the Court had received the Fresno County Sheriff's Office letter, the order to show cause is DISCHARGED.

Plaintiff requests an extension of the fourteen-day deadline to name Jane Doe because of "unforeseen circumstances" and delays with legal mail. (Doc. 37.) Plaintiff does not, however, propose another means of identifying the Defendant. The Court has assisted Plaintiff and afforded Plaintiff discovery, to no avail. As this Court has previously advised, the Court cannot order service on defendants who are unidentified. *See Walker v. California*, No. EDCV 21-419-JFW (KK), 2021 WL 2106485, at *1 (C.D. Cal. May 25, 2021); *Williams v. Sabo*, No. CV 20-1373-PA (KK), 2020 WL 9071695, at *6 (C.D. Cal. Dec. 10, 2020). This case has been pending for over four years, and the operative complaint still has not been served on the remaining defendant. Plaintiff has failed to demonstrate that an additional extension of time will advance this litigation. Therefore, the court RECOMMENDS that the Plaintiff's request for an extension of time to identify Jane Doe be **DENIED** and this action be **DISMISSED without prejudice**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 19, 2021**            _/s/ Jennifer L. Thurston_
CHIEF UNITED STATES MAGISTRATE JUDGE

3