UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. LONG,<br><br>            Plaintiff,<br><br>    v.<br><br>CORIZON HEALTH, INC., et al.,<br><br>            Defendants. | Case No. 1:17-cv-00898-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME (Doc. 39)**<br><br>**AMENDED FINDINGS AND RECOMMENTIONS TO DISMISS CASE WITHOUT PREJUDICE (Doc. 38)**<br><br>**14-DAY DEADLINE** |

This action proceeds against a single Jane Doe defendant on an Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983. (Docs. 11, 12.) Despite extensions of time and discovery efforts, Plaintiff has been unable to identify Jane Doe for service of process. Plaintiff seeks additional time to identify the defendant. (Doc. 39.) However, the Court finds that Plaintiff is unable to advance this litigation and recommends that this case be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service of process.

The defendant is described as a female nurse who worked at the North Annex Jail division of the Fresno County Jail on July 8, 2016, between the hours of 2:00 p.m. and 5:00 p.m. (Doc. 33.) Plaintiff twice sought the defendant's identity by serving a subpoena on Corizon Health, Inc., which contracts with the Fresno County Jail to provide medical services to the jail inmates. (Doc.

33.) In response to his first subpoena, counsel for Corizon Health responded that the subpoena was too vague. The Court then issued an amended subpoena. (Doc. 26.) Counsel for Corizon Health responded that he had no records within his possession, custody, or control that reflects who treated Plaintiff on July 8, 2016. (*See* Doc. 32.)

On February 18, 2021, upon Plaintiff's request, the Court issued a subpoena that ordered the litigation coordinator at the Fresno County Jail to respond to Plaintiff within thirty days. (Doc. 33.) On February 22, 2021, Plaintiff filed a return of service indicating that the subpoena had been served on February 22, 2021. (Doc. 34.) After a period of inactivity in the case, on June 9, 2021, the Court issued an order directing Plaintiff to identify Jane Doe within fourteen days. (Doc. 35.)

On July 12, 2021, Plaintiff belatedly responded to the order with the reply from the custodian of the records of the Fresno County Sheriff's Office, which was dated February 22, 2021. (Doc. 37.) The records custodian indicated that the Sheriff's Office did not have responsive documents and referred Plaintiff back to Corizon Health as an independent contractor responsible for its own employment and scheduling. (*Id.* at 3.) Plaintiff advised that he still had not obtained the name of the Jane Doe defendant, and he requested another extension of time to identify Jane Doe because of "unforeseen circumstances" and delays with legal mail. (*Id.*)

Plaintiff's response, however, was not docketed until July 13, 2021. On the same day, unaware of Plaintiff's response, this Court entered another order to show cause, requiring Plaintiff to demonstrate why the case should not be dismissed for failure to comply with the Court's order of June 9, 2021. (Doc. 36.)

On July 20, 2021, this Court entered an order denying Plaintiff's request for an extension of time. (Doc. 38.) The Court also issued findings and recommendations for dismissal of the case without prejudice. *Id.* Specifically, the Court found the following:

> Plaintiff does not, however, propose another means of identifying the Defendant. The Court has assisted Plaintiff and afforded Plaintiff discovery, to no avail. As this Court has previously advised, the Court cannot order service on defendants who are unidentified. *See Walker v. California*, No. EDCV 21-419-JFW (KK), 2021 WL 2106485, at *1 (C.D. Cal. May 25, 2021); *Williams v.*

2

> *Sabo*, No. CV 20-1373-PA (KK), 2020 WL 9071695, at *6 (C.D. Cal. Dec. 10, 2020). This case has been pending for over four years, and the operative complaint still has not been served on the remaining defendant. Plaintiff has failed to demonstrate that an additional extension of time will advance this litigation.

(Doc. 38 at 3.) The Court recommended the dismissal of the action without prejudice because of Plaintiff's failure to identify Jane Doe. (*Id.*)

On July 26, 2021, Plaintiff filed a response to the July 13, 2021, order to show cause.[1] (Doc. 39.) Plaintiff advised that he had responded to the Court's order of June 9, 2021 and included the response of the litigation coordinator at Fresno County Jail. (*Id.* at 2.) Plaintiff requested "additional time to ensure that his response to the order to show cause was processed and forwarded correctly by prison staff, and to continue to try to discern the name of Jane Doe Defendant." *Id.* Plaintiff again offers no alternative means of discovery beyond the subpoenas already served on Fresno County Jail and Corizon Health.

Rule 4(m) of the Federal Rules of Civil Procedure establishes a time limit for service: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This case has been pending for over four years, and the defendant has not been identified and served with process. Under these circumstances, the Court finds that granting Plaintiff additional time is unlikely to produce Jane Doe's identity so that she can be named as a defendant and served.

Accordingly, the Court RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for failure to effect service of process on the defendant.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

---

[1] Plaintiff's response was not captioned as objections to the pending findings and recommendations. (*See* Doc. 38.)

may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2021**              _ **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE