1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   PHILLIP J. LONG,                         Case No. 1:17-cv-00898-NONE-JLT (PC)

12              Plaintiff,                     **ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME (Doc. 39)**

13        v.

14   CORIZON HEALTH, INC., et al.,            **AMENDED FINDINGS AND RECOMMENTIONS TO DISMISS CASE**

15              Defendants.                    **WITHOUT PREJUDICE (Doc. 38)**

16
                                              **14-DAY DEADLINE**
17

18          This action proceeds against a single Jane Doe defendant on an Eighth Amendment

19   claim brought pursuant to 42 U.S.C. § 1983. (Docs. 11, 12.) Despite extensions of time and

20   discovery efforts, Plaintiff has been unable to identify Jane Doe for service of process. Plaintiff

21   seeks additional time to identify the defendant. (Doc. 39.) However, the Court finds that

22   Plaintiff is unable to advance this litigation and recommends that this case be DISMISSED

23   WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for

24   failure to effect service of process.

25          The defendant is described as a female nurse who worked at the North Annex Jail division

26   of the Fresno County Jail on July 8, 2016, between the hours of 2:00 p.m. and 5:00 p.m. (Doc.

27   33.) Plaintiff twice sought the defendant's identity by serving a subpoena on Corizon Health, Inc.,

28   which contracts with the Fresno County Jail to provide medical services to the jail inmates. (Doc.

1    33.) In response to his first subpoena, counsel for Corizon Health responded that the subpoena

2    was too vague. The Court then issued an amended subpoena. (Doc. 26.) Counsel for Corizon

3    Health responded that he had no records within his possession, custody, or control that reflects

4    who treated Plaintiff on July 8, 2016. (*See* Doc. 32.)

5        On February 18, 2021, upon Plaintiff's request, the Court issued a subpoena that ordered

6    the litigation coordinator at the Fresno County Jail to respond to Plaintiff within thirty days.

7    (Doc. 33.) On February 22, 2021, Plaintiff filed a return of service indicating that the subpoena

8    had been served on February 22, 2021. (Doc. 34.) After a period of inactivity in the case, on

9    June 9, 2021, the Court issued an order directing Plaintiff to identify Jane Doe within fourteen

10   days. (Doc. 35.)

11       On July 12, 2021, Plaintiff belatedly responded to the order with the reply from the

12   custodian of the records of the Fresno County Sheriff's Office, which was dated February 22,

13   2021. (Doc. 37.) The records custodian indicated that the Sheriff's Office did not have

14   responsive documents and referred Plaintiff back to Corizon Health as an independent

15   contractor responsible for its own employment and scheduling. (*Id.* at 3.) Plaintiff advised that

16   he still had not obtained the name of the Jane Doe defendant, and he requested another

17   extension of time to identify Jane Doe because of "unforeseen circumstances" and delays with

18   legal mail. (*Id.*)

19       Plaintiff's response, however, was not docketed until July 13, 2021. On the same day,

20   unaware of Plaintiff's response, this Court entered another order to show cause, requiring

21   Plaintiff to demonstrate why the case should not be dismissed for failure to comply with the

22   Court's order of June 9, 2021. (Doc. 36.)

23       On July 20, 2021, this Court entered an order denying Plaintiff's request for an

24   extension of time. (Doc. 38.) The Court also issued findings and recommendations for dismissal

25   of the case without prejudice. *Id.* Specifically, the Court found the following:

26       Plaintiff does not, however, propose another means of identifying the
         Defendant. The Court has assisted Plaintiff and afforded Plaintiff discovery, to
27       no avail. As this Court has previously advised, the Court cannot order service
         on defendants who are unidentified. *See Walker v. California*, No. EDCV 21-
28       419-JFW (KK), 2021 WL 2106485, at *1 (C.D. Cal. May 25, 2021); *Williams v.*

2

1
2
3
*Sabo*, No. CV 20-1373-PA (KK), 2020 WL 9071695, at *6 (C.D. Cal. Dec. 10, 2020). This case has been pending for over four years, and the operative complaint still has not been served on the remaining defendant. Plaintiff has failed to demonstrate that an additional extension of time will advance this litigation.

4   (Doc. 38 at 3.) The Court recommended the dismissal of the action without prejudice because of

5   Plaintiff's failure to identify Jane Doe. (*Id.*)

6       On July 26, 2021, Plaintiff filed a response to the July 13, 2021, order to show cause.[1]

7   (Doc. 39.) Plaintiff advised that he had responded to the Court's order of June 9, 2021 and

8   included the response of the litigation coordinator at Fresno County Jail. (*Id.* at 2.) Plaintiff

9   requested "additional time to ensure that his response to the order to show cause was processed

10   and forwarded correctly by prison staff, and to continue to try to discern the name of Jane Doe

11   Defendant." *Id.* Plaintiff again offers no alternative means of discovery beyond the subpoenas

12   already served on Fresno County Jail and Corizon Health.

13       Rule 4(m) of the Federal Rules of Civil Procedure establishes a time limit for service: "If

14   a defendant is not served within 90 days after the complaint is filed, the court—on motion or on

15   its own after notice to the plaintiff—must dismiss the action without prejudice against that

16   defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This case

17   has been pending for over four years, and the defendant has not been identified and served with

18   process. Under these circumstances, the Court finds that granting Plaintiff additional time is

19   unlikely to produce Jane Doe's identity so that she can be named as a defendant and served.

20       Accordingly, the Court RECOMMENDS that this action be DISMISSED WITHOUT

21   PREJUDICE for failure to effect service of process on the defendant.

22       These findings and recommendations will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after

24   being served with these findings and recommendations, Plaintiff may file written objections with

25   the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

26   Recommendations." Plaintiff is advised that failure to file objections within the specified time

27

28

---

[1] Plaintiff's response was not captioned as objections to the pending findings and recommendations. (*See* Doc. 38.)

3

1  may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5      Dated:  **August 27, 2021**             **/s/ Jennifer L. Thurston**
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28